UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK          Not For Publication
------------------------------------------------------x
                                       :
In re:                                 :    Chapter 11
                                       :
ENRON CORP., *et al*.,                 :    Case No. 01-16034 (AJG)
                                       :
                Debtors.               :    (Confirmed Case)
                                       :
------------------------------------------------------x
                                       :
ENRON ENERGY SERVICES, INC.,           :
                                       :
                                       :
                Plaintiff,             :
                                       :
v.                                     :    Adv. Pr. No. 05-01087 (AJG)
                                       :
COLUMBIA GAS                           :    (Jointly Administered)
TRANSMISSION CORP.                     :
                                       :
                Defendant.             :
                                       :
------------------------------------------------------x

**OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT'S AMENDED MOTION TO DISMISS**

A P P E A R A N C E S:

CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Plaintiff
One World Financial Center
New York, New York 10281

    Edward A. Smith, Esq.
    Shlomo Azarbad, Esq.
       Of Counsel

    -and-

1201 F street, N.W.
Washington, D.C. 20004

    Mark C. Ellenberg

   Of Counsel

SCHIFF HARDIN LLP
Attorneys for Defendant
623 Fifth Avenue
New York, NY 10022

  A. Peter Lubitz, Esq.

   -and-

6600 Sears Tower
Chicago, IL 60606

  Eugene J. Geekie, Jr., Esq.
  Jason M. Torf, Esq.
  Patricia J. Fokuo, Esq.
   Of Counsel

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

  Before the Court is an amended motion to dismiss filed by defendant Columbia Gas Transmission Corp. ("TCO" or "Defendant"). TCO requests the Court to dismiss two counts of a complaint filed by Enron Energy Services, Inc. ("EES" or "Plaintiff"). One count alleges unjust enrichment; the other is based on section 542 of title 11 of the United States Code ("the Bankruptcy Code"), which provides for turnover of property to the estate. TCO's motion is partially granted and partially denied.

## JURISDICTION

  The Court has subject matter jurisdiction over this proceeding pursuant to sections 1334 and 157(b) of title 28 of the United States Code, under the July 10, 1984 "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.),

2

and under paragraph 60 of this Court's Order Confirming Supplemental Modified Fifth Amended Joint Plan of Affiliated Debtors under chapter 11 of title 11 of the United States Code (July 15, 2004). The Court has jurisdiction over "core proceedings" including "matters concerning the administration of the estate," "counterclaims by the estate against persons filing claims against the estate," and "orders to turn over property of the estate." 28 U.S.C. § 157(b)(2)(A), (C), (E) (2000). Venue is properly before this Court pursuant to section 1409(a) of title 28 of the United States Code.

## FACTS AND PROCEDURAL BACKGROUND

TCO is engaged in the business of storing and transporting natural gas for its customers primarily in the eastern United States. Before EES filed for bankruptcy on December 2, 2001, EES and TCO were parties to approximately 21 transportation agreements[1] under which EES agreed to pay TCO for natural gas transportation capacity on TCO's pipelines. According to these agreements, EES paid a fixed monthly charge to reserve a set amount of transportation capacity, regardless of actual use of this capacity.

TCO sent EES a series of invoices covering the months of December 2001 through and including February 2003 and charging fully in each of those months for the reserved capacity under the agreements. EES fully paid these charges although EES did not use the whole reserved capacity during the period covered by the invoices.

On January 26, 2005, EES initiated an adversary proceeding against TCO to recover approximately $760,000. EES argues that under section 503(b)(1)(A)

---

[1] The parties have not submitted any copies of these agreements.

3

of the Bankruptcy Code and this Court's "*Florida Gas*" and "*Trailblazer*" decisions — *see In re Enron Corp.*, 279 B.R. 695 (Bankr. S.D.N.Y. 2002); *In re Enron Corp.*, 279 B.R. 79 (Bankr. S.D.N.Y. 2002) —EES should have been obligated to pay in full, as administrative expenses, only sums representing the transportation capacity actually used. Therefore, EES asserts it should not have been obligated to pay for unused capacity, which amounts to $746,887.58.

EES also seeks to recover "rate refunds" in the amount of slightly over $10,000 from TCO. (Compl. ¶ 15.) These refunds "accrued and/or were determined by TCO to be due and owing to EES (and other shippers on the TCO system) during the Post Petition period." (Id.)

EES's complaint contains the following four counts:

I)   Avoidance of the postpetition payments for unused capacity under section 549 of the Bankruptcy Code

II)  Turnover of the refunds and postpetition payments for unused capacity under section 542(b) of the Bankruptcy Code

III) Conversion of the refunds and postpetition payments for unused capacity under state law

IV)  Unjust enrichment in the amount of the refunds and postpetition payments for unused capacity

TCO's motion, filed on March 30, 2005 and amended on June 8, 2005, contends counts II and IV should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to the instant proceeding by Federal Rule of Bankruptcy Procedure 7012. TCO asserts that count IV, the unjust enrichment

4

claim, fails because an express contract governs the parties' relationship. TCO also notes that section 542 of the Bankruptcy Code applies to turnover of undisputed funds. Therefore, TCO argues, count II, the turnover claim, should also be dismissed because EES seeks to recover disputed funds. Additionally, TCO deems EES equitably estopped from seeking any recovery from TCO because the agreements precluded TCO from reselling the capacity unused by EES and because EES did not offer the unused capacity to a third party, thus not mitigating EES's or TCO's damages.

As for the refunds that EES demands, TCO asserts "TCO's obligation to pay most of [these refunds] to EES is a prepetition obligation. As such, TCO is not obligated to pay the refund[s] to EES because EES's claim to these funds is subject to TCO's right to recoup the refund[s] against its prepetition claims." (Mem. in Supp. of Def.'s Am. Mot. to Dismiss 6.) In any event, TCO concludes, the funds claimed by EES are in dispute and therefore no action under section 542 may stand.

In opposition to the motion, EES points to this Court's *Florida Gas* and *Trailblazer* decisions holding that "postpetition reservation charges on account of unused pipeline capacity are not entitled to administrative priority." (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss 2.) EES contends, "TCO is therefore only an unsecured creditor with respect to the reservation charges." (Id.), who should not have received full postpetition payments for the unused transportation capacity.

5

The unjust enrichment count of the complaint should not be dismissed, EES argues, because the Federal Rules of Civil Procedure allow parties to plead inconsistent legal theories in the alternative. EES further argues that under general rules of contract law only "an express contract <u>governing the dispute at issue</u>" (id. at 3) will preclude an unjust enrichment claim. According to EES, the Bankruptcy Code, not the agreements, compel recovery from TCO.

As for the section 542 count, EES argues that, in the context of a motion to dismiss, the Court must assume the truth of the complaint allegation that TCO's debts are undisputed. Moreover, EES contends, "TCO's bald denial that it owes the debts at issue does not mean that the debts are disputed for purposes of section 542(b)" because applicable case law mandates the dispute be legitimate to defeat use of section 542(b). (Id. at 3.)

A hearing was held regarding the amended motion to dismiss on August 10, 2005.

## DISCUSSION

*Standard of Review*

In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all material facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. *Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir. 1992); *Leslie Fay Cos., Inc. v. Corporate Property Assocs. 3 (In re Leslie Fay Cos., Inc.)*, 166 B.R. 802, 807 (Bankr. S.D.N.Y. 1994). The motion to dismiss is granted only if no set of facts can be established to entitle the plaintiff to relief. 974 F.2d at 298; 166 B.R. at 807. To survive a motion to dismiss, a plaintiff only

has to allege sufficient facts in support of the cause of action, not prove them. *Koppel v. 4987 Corp.*, 167 F.3d 125, 133 (2d Cir. 1999). A court's role in ruling on a motion to dismiss is to evaluate the legal feasibility of the complaint, not to weigh the evidence that may be offered to support it. *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

Although a court accepts all the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Thus, where more specific allegations of the complaint contradict such legal conclusions, "[g]eneral, conclusory allegations need not be credited." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). Rather, to withstand a motion to dismiss, there must be "specific and detailed factual allegations," not stated in "wholly conclusory terms," to support the claim. *Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000) (internal citations omitted).

"Although bald assertions and conclusions of law are insufficient, the pleading standard is nonetheless a liberal one." *Cooper*, 140 F.3d at 440. Pursuant to Federal Rule of Civil Procedure 8(a), which is made applicable to adversary proceedings by Bankruptcy Rule 7008, in asserting a claim, the pleader need only set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The purpose of the statement is to provide "fair notice" of the claim and "the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The simplicity required by the rule recognizes the ample opportunity afforded for discovery and other pre-trial

7

procedures, which permit the parties to obtain more detail as to the basis of the claim and as to the disputed facts and issues. *Id.* at 47-48. Based upon the liberal pleading standard established by Rule 8(a), even the failure to cite a statute, or to cite the correct statute, will not affect the merits of the claim. *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997). In considering a motion to dismiss, it is not the legal theory but, rather, the factual allegations that matter. *Id.*

In reviewing a Rule 12(b)(6) motion, a court may consider the allegations in the complaint, exhibits attached to the complaint or incorporated therein by reference, matters of which judicial notice may be taken, *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993), and documents of which plaintiff has notice and on which it relied in bringing its claim or that are integral to its claim, *Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). However, mere notice or possession of the document is not sufficient. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Rather, a necessary prerequisite for a court's consideration of the document is that a plaintiff relied "on the terms and effect of a document in drafting the complaint." *Id*. As such, the document relied upon in framing the complaint is considered to be merged into the pleading. *Id*. at 153 n.3 (citation omitted). In contrast, when assessing the sufficiency of the complaint, the Court does not consider extraneous material because considering such would run counter to the liberal pleading standard which requires only a short and plain statement of the claim showing entitlement to relief. *Id*. at 154.

8

A motion to dismiss invites a response in opposition, which the court may then consider when weighing the sufficiency of the complaint. *Brandon v. Dist. of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984), *cert. denied*, 469 U.S. 1127 (1985); *Nietzke v. Williams*, 490 U.S. 319, 329-30. However, affidavits and exhibits submitted by a defendant in support of its motion to dismiss are deemed by Rule 12(b)(6) to be outside the record that the court may consider. *Kopec v. Coughlin*, 922 F.2d 152, 154 (2d Cir. 1991).

Under the applicable standard of review, the Court grants TCO's motion except for count II, the turnover action, regarding the refunds. At this point, the Court does not need to examine the validity of TCO's equitable estoppel defense because counts II and IV regarding the postpetition payments are dismissed on other grounds.

*Unjust Enrichment*

**Applicable Law**

TCO argues that West Virginia law applies. (Mem. in Supp. of Def.'s Am. Mot. to Dismiss 3 n.2.) EES argues that, in any event, the laws of the states with a significant connection with the parties' agreements (New York, Texas, and West Virginia) are in agreement as to the rules relevant to the instant matter (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss 7-8.) Pertinent cases reveal that EES is correct. *See, e.g., Violette v. Armonk Assocs.*, 872 F. Supp. 1279, 1282 (S.D.N.Y. 1995) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R.*, 70 N.Y.2d 383, 388 (1987)); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Case v. Shepard*, 84 S.E.2d 140, 144 (W. Va. 1954).

The Federal Rules of Civil Procedure allow pleading inconsistent legal theories in the alternative. *MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*, 216 F. Supp. 2d 251, 261 (S.D.N.Y. 2002). Nevertheless, "an action for unjust enrichment cannot lie in the face of an express contract." 66 Am. Jur. 2d *Restitution and Implied Contracts* § 24 (West Group 2006). "If a legal remedy is available, such as breach of express contract, the law will not imply the equitable remedy of unjust enrichment." *Id.* § 30.

The scope of this limitation on unjust enrichment is coterminous with the scope of the applicable agreement. "Although there can be no implied contract on a point fully covered by an express contract and in direct conflict therewith, there may be an implied contract on a point not covered by an express contract. Stated conversely, the general rule is qualified in that the exclusion of all implications must be confined to the same class or kind of acts or stipulations as that to which the express agreement relates." *Id.* § 25.

Under these principles, the Court must dismiss EES's claims based on unjust enrichment, as to both the refunds and the postpetition payments.

**Refunds**

The "rate refunds," which EES attempts to recover from TCO, "accrued and/or were determined by TCO to be due and owing to EES (and other shippers on the TCO system) during the Post Petition period." (Compl. ¶ 15.) The dispute over these refunds is governed by the parties' agreements because EES's right to these refunds would arise under the parties' agreements. Therefore, the existence of applicable, express contract provisions precludes an equitable remedy and the

10

Court must dismiss EES's claim to the refunds on the ground of unjust enrichment.

**Postpetition Payments**

EES insists that the Bankruptcy Code, not the parties' agreements, governs the dispute regarding EES's postpetition payments. The Court agrees. EES is not suing TCO for breach of contract, but might ultimately recover the postpetition payments pursuant to section 549 of the Bankruptcy Code, which applies to postpetition transactions. EES has alleged facts that may lead to the conclusion that EES fully paid TCO for unused capacity postpetition when EES was not obligated to do so under section 503(b)(1)(A) of the Bankruptcy Code and this Court's *Florida Gas* and *Trailblazer* decisions, which both held that a claim based on the provision of pipeline capacity for the transportation of natural gas to a debtor-in-possession pursuant to a prepetition agreement with the debtor is not entitled to priority as an administrative expense for a period during which there was no actual use of the pipeline capacity. 279 B.R. at 698-699; 279 B.R. at 82.

Alternatively, EES may recover the disputed sums if the conversion count of the complaint has merit. Whether EES recovers under the Bankruptcy Code or state tort law, the parties' agreements do not govern the dispute and, therefore, do not prevent pursuit of an unjust enrichment cause of action.

The availability of a legal remedy, however, precludes unjust enrichment. EES cannot avail itself of the Bankruptcy Code or tort law and, additionally, unjust enrichment. Therefore, EES's claim to the postpetition payments on the ground of unjust enrichment must be dismissed on this ground.

*Turnover Action*

**Applicable Law**

The relevant part of section 542(b) of the Bankruptcy Code provides the following:

> …an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b) (2000).

The Supreme Court used the following words to explain the purpose of turnover proceedings:

> Courts of bankruptcy have fashioned the summary turnover procedure as one necessary to accomplish their function of administration.  It enables the court summarily to retrieve concealed and diverted assets or secreted books of account the withholding of which, pending the outcome of plenary suits, would intolerably obstruct and delay administration.

*Maggio v. Zeitz*, 333 U.S. 56, 62-63 (1948) (quoted in *M.S.V., Inc. v. Bank of Boston (In re M.S.V., Inc.)*, 97 B.R. 721, 724 (D. Mass. 1989)).

To allow a turnover proceeding, some courts require that the debt be undisputed.  See, e.g., *Calka v. Chuu*, No. 02 Civ. 9769, 2003 U.S. Dist. LEXIS 4090, at *4 (S.D.N.Y. Mar. 18, 2003) ("[S]ection 542(b) only applies to undisputed, liquidated claims."); *Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748, 760 (S.D.N.Y. 1994) ("The terms 'matured, payable on demand, or payable on order' create a strong textual inference that an action should be regarded as a turnover only when there is no legitimate dispute over what is owed to the debtor."); *In re M.S.V.*, 97 B.R. at 729 ("The preliminary

12

nature of the motion and the clear limits inherent in the statutory language restrict the Bankruptcy Judge's authority to orders directing return of *undisputed* property or monies."); *Bezanson v. Consol. Constructors & Builders (In re P & G Drywall and Acoustical Corp.)*, 156 B.R. 704, 706 (Bankr. D. Me. 1993) (citing *In re M.S.V.*).

Some other courts do not require that the debt be undisputed. *See, e.g., Nat'l Enters., Inc. v. Koger P'ship (In re Nat'l Enters., Inc.)*, 128 B.R. 956, 959 (E.D.Va. 1991) ("In other words, for an action to be a turnover proceeding, it is not relevant that the defendant disputes the existence of the debt by, perhaps, denying the complaint's allegations, as long as those allegations state the existence of a mature debt."); *Commercial Fin. Servs. v. Jones (In re Commercial Fin. Servs.)*, 251 B.R. 397, 410 (Bankr. N.D. Okla. 2000) ("With respect to…Section 542(b) claims, the Court finds that the statute is clear and unambiguous that the debt need only be matured, payable on demand, or payable on order—it contains no requirement that the debt be undisputed or liquidated.").

Whether a debt is disputed for purposes of section 542 is a legal issue for the Court to decide. *See, e.g., In re CIS Corp.*, 172 B.R. at 759-760; *In re P & G Drywall and Acoustical Corp.*, 156 B.R. at 706. EES's allegation that the debt is undisputed is a legal conclusion that does not bind the Court. *Papasan*, 478 U.S. at 286. The Court, however, need not reach this issue because the statutory language itself is sufficient to determine the issue.

**Refunds**

13

EES alleges that TCO already determined that the refunds were "due and owing to EES." (Compl. ¶ 15.) In response, TCO contends "TCO is not obligated to pay the refund[s] to EES because EES's claim to these funds is subject to TCO's right to recoup the refund[s] against its prepetition claims." (Mem. in Supp. of Def.'s Am. Mot. to Dismiss 6.)

This situation falls squarely within section 542(b). According to the pleadings, TCO's debt, in other words the obligation to pay the refunds to EES, is matured, and the statutory text specifically provides for the defense asserted by TCO. TCO's mere refusal to pay the refunds to EES "because of a recoupment right does not take the…action outside the scope of section 542(b)." *Hoffman v. Connecticut (In re Willington Convalescent Home, Inc.)*, 850 F.2d 50, 52 n.2 (2d Cir. 1988) (quoting *Corzin v. Rawson (In re Rawson)*, 40 B.R. 167, 169 (Bankr. N.D. Ohio 1984)) (internal quotation marks omitted).

Therefore, EES's claim to the refunds pursuant to section 542(b) of the Bankruptcy Code shall not be dismissed.

**Postpetition Payments**

The funds that EES seeks to recover from TCO do not constitute a matured debt because they have not yet become due to EES. EES has initiated this adversary proceeding to recover these funds and will not be entitled to the funds until this Court decides the merits of the remaining claims.

In the absence of a matured debt, EES cannot use the turnover provision to attempt to recover the payments. Therefore, EES's claim to the postpetition payments pursuant to section 542(b) of the Bankruptcy Code must be dismissed.

14

## CONCLUSION

TCO's motion to dismiss is granted as to count IV in its entirety and count II only as to EES's claim to the postpetition payments under section 542(b) of the Bankruptcy Code. TCO's motion to dismiss is denied as to EES's claim to the refunds under section 542(b) of the Bankruptcy Code. TCO shall settle an order consistent with this Opinion.

Dated: New York, New York
      June 15, 2006

                                        **s/Arthur J. Gonzalez**
                                        UNITED STATES BANKRUPTCY JUDGE